IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,
    *Plaintiff,*

v.

Civil No. 01-0153 JP/WWD

PARCEL OF REAL ESTATE LOCATED AT
85 ROMERO ROAD, TAOS, NM, INCLUDING
ALL APPURTENANCES THERETO AND
ALL FIXTURES AND IMPROVEMENTS THEREON.
MORE PARTICULARLY DESCRIBED AS:
A CERTAIN PARCEL OF LAND SITUATED IN
LLANO QUEMADO, RANCHOS DE TAOS, NEW MEXICO,
AND BEING FURTHER DESCRIBED AS PART OF TRACT 66,
MAP 47, SURVEY 2, OF THE 1941 NEW MEXICO REASSESSMENT
SURVEY FOR TAOS COUNTY, STATE OF NEW MEXICO:
THE SAID PARCEL OF LAND CONTAINING 1.00 ACRE MORE OR LESS.
TOGETHER WITH ALL WATER RIGHTS AND RIGHTS OF INGRESS
AND EGRESS THROUGH THE 16 FOOT EASEMENT RUNNING
SOUTH TO THE ROMERO'S MAIN ROAD, AND NORTH TO
THE CUCHILLA ROAD. THERE WILL BE NO RESTRICTIONS ON
ABOVE DESCRIBED REAL ESTATE.
    *Defendant,*
and

FABIOLA CORTEZ,
    *Claimant.*

## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

The United States submits the following Proposed Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1. From April 6, 2000 to November 12, 2000, Lawrence R. Cortez and Dolores Torres knowingly used the defendant real property to commit and facilitate the

1



commission of felony violations of the Controlled Substances Act.

2. The Real Estate Contract dated and recorded with the Taos County Clerk on March 9, 1998 between Eva Martinez and Lorenzo R. Cortez shows Eva Martinez sold the property to Lorenzo R. Cortez, a single man, for a $20,000 down payment and a $9,000 balance to be paid on or before September 9, 1998. The contract does not mention claimant Fabiola Cortez.

3. Since the March 9, 1998 real estate contract was executed, the property has been assessed in the names of Eva C. Martinez and Lorenzo Cortez.

4. United States filed a Notice of Lis Pendens on the defendant property in the Taos County Clerk's Office on February 7, 2001.

5. Fabiola Cortez was served with the Complaint for Forfeiture on June 6, 2001.

6. A Warranty Deed purportedly signed by Eva C. Martinez and conveying title to Fabiola Cortez and Lorenzo R. Cortez as joint tenants was dated and filed in the Taos County Clerk's Office on July 3, 2001.

7. Fabiola Cortez's claim that she is an owner of the defendant property is unsupported and uncorroborated.

8. There is no documentation existing prior to the date the United States filed its forfeiture complaint to support Fabiola Cortez' contention that she was a purchaser of the defendant property or otherwise has an interest in the property.

## CONCLUSIONS OF LAW

1. This forfeiture action is governed by 21 U.S.C. § 881(a)(7), which provides in pertinent part that the following is subject to forfeiture to the United States: All real property, including any right, title and interest - - - in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, to facilitate the commission of, a violation of [the Controlled Substances Act] punishable by more than one year's imprisonment.

2. This case is also governed by 18 U.S.C. § 983, enacted as part of the Civil Asset Forfeiture Reform Act of 2000 (CAFRA).

3. The United States' burden of proof in this case is to establish by a preponderance of the evidence that the property is subject to forfeiture. 18 U.S.C. § 983(c)(1).

4. To prove that the property was used to commit or to facilitate the commission of a criminal offense, the government must establish that there was a substantial connection between the property and the offense. 18 U.S.C. § 983(c)(3).

5. The claimant bears the burden of proving that the claimant is an innocent owner of the property by the preponderance of the evidence. 18 U.S.C. § 983(d)(1). To meet this burden, claimant must prove that she is an owner and (i.) did not know the conduct giving rise to forfeiture; or (ii.) upon learning of the conduct giving rise to the forfeiture, did all that could reasonably be expected under the circumstances to terminate such use of the property. 18 U.S.C. § 983(d)(2)(A).

6. The United States has established a substantial connection between the property

and the drug trafficking committed by Lorenzo R. Cortez and Dolores Torres because these individuals used the property on numerous occasions to facilitate the commission of drug trafficking felonies. Moreover, Torres pleaded guilty to maintaining the property for the purpose of distributing, storing and using illegal controlled substances in violation of 21 U.S.C. § 856.

7. Fabiola Cortez has failed to establish an innocent owner defense to forfeiture by preponderance of the evidence.

8. Fabiola Cortez has failed to establish a cognizable ownership interest in the property. She purportedly acquired her interest by a warranty deed dated July 3, 2001, a date subsequent to both the conduct giving rise to the forfeiture, and the service of the Complaint for Forfeiture upon her on June 6, 2001. At the time she purportedly acquired that interest, she was not a bona fide purchaser for value, and she knew and had reasonable cause to believe that the property was subject to forfeiture. 18 U.S.C. § 983(d)(3)(A).

9. Any interest Fabiola Cortez claims to have arisen by oral agreement prior to the date of the warranty deed is barred by the New Mexico Statute of Frauds because Fabiola Cortez has failed to produce clear and convincing evidence to overcome the Statute of Frauds.

10. Even if Fabiola Cortez' claimed interest in the property is deemed to have arisen prior to or at the time of the illegal conduct giving rise to forfeiture took place, she has failed to prove by a preponderance of the evidence that she did not know of the conduct giving rise to forfeiture or that upon learning of the conduct did all

that could reasonably be expected under the circumstances to terminate such use of the property. 18 U.S.C. § 983(d)(2)(A).

11. Based upon the above findings and conclusions of law, the defendant property including all appurtenances, fixtures and improvements thereon is hereby forfeited to the United States and all right, title, and interest in the property is vested in the United States.

Respectfully Submitted,

DAVID C. IGLESIAS
United States Attorney

Stephen R. Kotz
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, NM 87103
(505) 346-7274

## Certificate of Service

I HEREBY CERTIFY that a true
copy of the foregoing document
was mailed to opposing counsel

Kevin Zangara, Esq.
PO Box 1359
Taos, NM 87571-1359

on 3 day of May, 2002.

Stephen R. Kotz
Assistant U.S. Attorney

N:\LLux\Trial Memorandum\85RomeroFOF&Concl.wpd